UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DAVID GOLDMAN and LIANA GOLDMAN,

               Plaintiffs,

-   against -

SWISS INTERNATIONAL AIR LINES LTD.,
GLOBAL AIRCRAFT DISPATCH, INC., and
PAX ASSIST INC.,

               Defendants.
------------------------------------------------------------------X

Case Number: 1:15-cv-2562

**COMPLAINT**

**PLAINTIFF DEMANDS A
TRIAL BY JURY**

Plaintiffs, David Goldman and Liana Goldman, by their attorneys,

Herzfeld & Rubin, P.C. as and for their complaint against Defendants, allege the

following upon information and belief:

## SUMMARY OF CHARGES

1.     This is a personal injury action against defendant airline and

wheelchair service providers under the Convention for the Unification of Certain Rules

for International Carriage by Air ("Montreal Convention"), art. 17, May 28, 1999, S.

Treaty Doc. No. 106-45 and New York State common law.

## PARTIES

2.     At all relevant times mentioned herein, Plaintiff David Goldman

was and is a resident of Queens County, New York.

3.     At all relevant times mentioned herein, Plaintiff Liana Goldman

was and is a resident of Queens County, New York. At all relevant times, she was and is

the wife of David Goldman.

4. At all relevant times mentioned herein, Defendant Swiss International Air Lines, Ltd. ("SWISS") was and is a Swiss corporation organized and existing under the laws of Switzerland with its principal place of business located in Basel, Switzerland. SWISS is registered to do business as a "foreign business corporation" in Suffolk County, New York. SWISS was the carrier operating the flight during the embarkation of which Plaintiff David Goldman was injured.

5. At all relevant times mentioned herein, Defendant Global Aircraft Dispatch Inc. ("Global Aircraft") is and was a New York corporation, duly organized and existing under the laws of this State, with its principal place of business in Queens County, New York. Upon information and belief, Global Aircraft is and was the authorized wheelchair service provider for SWISS.

6. At all relevant times mentioned herein, Defendant Pax Assist Inc. ("Pax") is and was a New York corporation, duly organized and existing under the laws of this State, with its principal place of business in Queens County, New York. Upon information and belief, Pax is and was the authorized wheelchair service provider for SWISS.

## JURISDICTION

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1331 and 1367 and pendent jurisdiction over plaintiffs' related state law claims. The treaty alleged herein provides Federal Court jurisdiction.

8. Venue lies in the Eastern District of New York by virtue of the fact that the occurrence alleged took place there and both Plaintiffs and Defendants are residents of the State of New York.

2

## FACTUAL ALLEGATIONS

9.      On or about May 16, 2013, Plaintiffs David and Liana Goldman were at John F. Kennedy International Airport ("JFK") for their international flight (Swiss LX23) to Genève Aéroport ("GVA") in Geneva, Switzerland operated by SWISS.

10.     Both David and Liana Goldman require wheelchair assistance when traveling, including when embarking and disembarking from aircraft.

11.     On that date, SWISS accommodated plaintiffs' request for assistance by providing two wheelchairs operated by employees and/or agents of SWISS. The wheelchair operators were provided to SWISS by Global Dispatch and/or Pax.

12.     As plaintiff Liana Goldman was wheeled to the door of the plane, her wheelchair operator turned the wheelchair around. When Mrs. Goldman inquired as to the maneuver, the operator responded that there was a bump at the end of the ramp and turning the wheelchair provided for a smoother transition onto the airplane and lessened the chances of any injury occurring.

13.     Plaintiff David Goldman was wheeled to the door of the plane following Liana Goldman. His wheelchair operator did not turn the wheelchair around as it approached the bump at the end of the embarkation ramp.

14.     At the end of the ramp, just outside the aircraft, Mr. Goldman's wheelchair collided with the bump in the ramp causing Mr. Goldman to be thrown out of his wheelchair onto the floor of the plane. The wheelchair he had been seated in landed on top of him.

15. Several crewmembers assisted Mr. Goldman in standing up off the floor. As they did so, one crew member remarked, "Didn't he [the wheelchair operator] know that he was supposed to turn the wheelchair around?"

16. Mr. Goldman experienced worsening symptoms, consistent with post-concussive syndrome, including pain, nausea, difficulty concentrating, and an inability to focus his eyes.

17. On or about May 28, 2013 Liana Goldman contacted SWISS regarding the details of her husband's accident.

18. Subsequently, Mr. Goldman was diagnosed as having symptoms consistent with post-concussive syndrome and other injuries. This diagnosis has been confirmed over the course of Mr. Goldman's treatment by several doctors.

19. On or about September 30, 2013, Mrs. Goldman was contacted via e-mail by the third party administrator for Catlin Insurance Company, Inc., the liability insurance provider for Pax. In that e-mail, the third party administrator stated that "Pax Assist provides wheelchair services for the airlines at Terminal 4 at JFK. Your emails to Swiss Air in June 2013 regarding Mr. Goldman's unfortunate accident have been referred to us by Swiss Air."

20. Thereafter, on or about September 19, 2013, the third party administrator again e-mailed Mrs. Goldman stating "As you are aware we are the third party administrator for Catlin Insurance whom insures Global Aircraft / PAX Assist, Inc."

4

21.     Subsequently, on or about November 24, 2014, the third party administrator emailed Mrs. Goldman stating, "The name of our insured's company is: Global Aircraft Dispatch, Inc."

22.     As a result of the accident, Mr. Goldman suffered a concussion and post-concussive syndrome and related physical injuries and deficits.

23.     Further, as a result of Mr. Goldman's post-concussive syndrome, he remains, *inter alia*, sensitive to light and noise; prone to nausea and extreme fatigue, has difficulty falling asleep; prone to bouts of dizziness and difficulty balancing; easily confused; has difficulty concentrating, remembering, registering new information, and reading and focusing on any reading materials. He also experiences physical pain in his neck and head.

24.     Mr. Goldman's injuries and limitations are believed to be permanent in nature.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Liability under the Montreal Convention)

25.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "24" above with the same force and effect as if set forth at length herein.

26.     The foregoing acts of Defendants including, among other acts, failing to properly maneuver the wheelchair conveying plaintiff David Goldman and thereby causing Mr. Goldman to be projected from the wheelchair with the wheelchair landing on top of him constituted bodily injury to Mr. Goldman. Plaintiff David

Goldman's concussion and post-concussive syndrome and related injuries are lasting physical injuries for which he has been receiving continuous treatment.

27.     Plaintiff David Goldman's injury satisfies the requirements to recovery under the Montreal Convention. Mr. Goldman was bodily injured while embarking an aircraft for an international flight.

28.     As a result of Defendants' conduct, Mr. Goldman has been damaged in the amount of Three Million Dollars ($3,000,000.00), plus such other amounts to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Negligence)

29.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "28" above with the same force and effect as if set forth at length herein.

30.     The acts and omissions by defendants which proximately caused the accident which caused the injuries herein were careless, reckless, and negligent.

31.     As a result of Defendants' carelessness, recklessness, and negligence, Mr. Goldman has been damaged in the amount of Three Million Dollars ($3,000,000.00), plus such other amounts to be determined at trial.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Loss of Consortium)

32.     Plaintiffs repeat and reallege, each and every allegation contained in paragraphs "1" through "31" above with the same force and effect as if set forth at length herein.

33. As a result of the injuries suffered by her husband, Mrs. Goldman

has suffered and will continue to suffer the loss of services, companionship, support and

consortium of her husband. Mrs. Goldman has been damaged in the amount of One

Million Dollars ($1,000,000.00), plus such other amounts to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against the Defendants as follows:

a. Damages on their First Cause of Action against Defendants in an amount to be determined at trial, but no less than Three Million Dollars ($3,000,000.00);

b. Damages on their Second Cause of Action against Defendants in an amount to be determined at trial, but no less than Three Million Dollars ($3,000,000.00);

c. Damages on their Third Cause of Action against Defendants in an amount to be determined at trial, but no less than One Million Dollars ($1,000,000.00);

d. Against all Defendants, for interest, costs and disbursements and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
May 5, 2015

HERZFELD & RUBIN, P.C.
Attorneys for Plaintiffs

By: _____
Howard L. Wexler
125 Broad Street
New York, New York 10004
(212) 471-8500